PEOPLE, PLAINTIFF AND APPELLEE, *v.* RIVERA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a prosecution for the Adulteration of Milk.

No. 1607.—Decided February 4, 1921.

SANITATION—ADULTERATION OF MILK—EVIDENCE—LICENSE.—A sanitation inspector having testified that he saw posted in the milk-stall the license issued in the name of the defendant and that he took part in issuing the license, his testimony on these points was admissible and it was not necessary to produce the license in evidence in order to show its existence.

The facts are stated in the opinion.

*Mr. L. Tormes* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The appellant, Ramona Rivera, was charged before the

District Court of Ponce with unlawfully, wilfully and maliciously having sold adulterated milk. The court found her guilty and on February 18, 1920, sentenced her to imprisonment for ten days with the costs, whereupon she appealed.

The appellant alleges:

1st. That the court erred in allowing witness Genaro Santiago Vázquez to testify to the ownership of the milk-stall in which he found Ramona Rivera, notwithstanding the fact that the license to which the witness referred was not offered in evidence.

2nd. That the court also erred in weighing the evidence.

It appears from the statement of the case that witness Genaro Santiago Vázquez, the health inspector who inspected the defendant's milk-stall, testified that the license issued to Ramona Rivera for the sale of milk was posted in the milk-stall; that he saw it there, and that it had been written by him and signed by the health officer of Ponce. Besides, the defendant admitted that the license was in her name. In view of this evidence it was unnecessary to offer the license in evidence, for witness Genaro Santiago Vázquez had personal knowledge of its existence and assisted in issuing it. The said license was posted in the milk-stall for the knowledge of the public and the defendant admitted that it was issued in her name. Hence, the first error assigned was not committed.

As regards the second error, witness Genaro Santiago Vázquez testified that when he entered the milk-stall he saw a girl going out with a bottle of milk, and the defendant testified: "I was selling milk, I sold milk to everybody." By her own testimony the defendant proved the act with which she was charged.

The judgment appealed from must be

*Affirmed.*

Justices Wolf, Del Toro, Aldrey and Hutchison concurred.